Taft, J.,
dissenting. If we give to the word “wandering” what the majority opinion refers to as the “dictionary and commonly accepted definition,” I would have considerable doubt as to the validity under our Constitution of the ordinance involved in the instant case. Furthermore, we are confronted by the fact that the affidavit involved in the instant case charges that defendant “did * * * walk * * * [on certain streets] for the purpose of soliciting to engage in prostitution * * *.” Such a charge is wholly inconsistent with any moving “about without a fixed course, aim or goal.”
Undoubtedly, the word “wandering,” standing alone, may have the meaning ascribed to it in the majority opinion. However, that word appears with other significant words in the ordinance involved in the instant case. In my opinion, a reading of that ordinance quite clearly indicates a legislative intent that the words “wandering about the streets” were intended to mean (as the city apparently recognized when the affidavit involved in the instant ease was prepared) walking on the streets for the purpose of soliciting or engaging in prostitution. Although perhaps not expressed, a legislative intent to require proof of such a purpose in so walking can reasonably be implied from the words used in the ordinance. If such a legislative intent can reasonably be implied, any question as to the constitutional validity of the only part of the ordinance involved in the instant case is eliminated. Unlike in *86 State v. Jacobellis (1962), 173 Ohio St., 22, such an implied legislative intention will not be contrary to any expressed intention of the legislative body indicated by the history of the legislation involved.